No. 14-4522

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,


v.


WILLIAM GAZAFI,
*Defendant/Appellant*.
_____

On Appeal from the United States District Court
for the District of Maryland, Southern Division
(The Honorable Roger W. Titus)
_____

BRIEF OF APPELLANT
_____

JAMES WYDA
Federal Public Defender
District of Maryland

MEGHAN SKELTON
Appellate Attorney
6411 Ivy Lane, Suite 710
Greenbelt, MD  20770
(301) 344-0600

*Counsel for Appellant*

# **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      I.     THE DISTRICT COURT COMMITTED PROCEDURAL ERROR UNDER 18 U.S.C. § 3553(c)(1) - IN VIOLATION OF *RITA v. UNITED STATES* AND *GALL v. UNITED STATES* - BY FAILING TO EXPLAIN THE NEED FOR THE 120-YEAR SENTENCE, AS OPPOSED TO A SHORTER TERM OF INCARCERATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      II.    THE 120-YEAR SENTENCE WAS SUBSTANTIVELY UNREASONABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Certificate of Service

i

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Gall v. United States*, 552 U.S. 38, 51 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 12

*Koon v. United States,* 518 U.S. 81 ( 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Rita v. United States*, 551 U.S. 338 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Booker*, 543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*United States v. Cobler*, 748 F.3d 570 (4th Cir. 2014) . . . . . . . . . . . . . . . 9, 15, 16

*United States v. Craig*, 703 F.3d 1001 (7th Cir.2012) . . . . . . . . . . . . . . . . . . . . 13

*United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005) . . . . . . . . . . . . . . 9, 11

*United States v. Eura*, 440 F.3d 625, 634 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . 16

*United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006) . . . . . . . . . . . . . . . . 6, 8

*United States v. Hughes*, 401 F.3d 540, 556 n.14 (4th Cir. 2005) . . . . . . . . . . . 12

*United States v. Johnson*, 445 F.3d 339, 341 (4th Cir. 2006) . . . . . . . . . . . . . . . . 6

*United States v. Kimbrough*, 552 U.S. 85 (2007) . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Major*, 676 F.3d 803 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) . . . . . 6, 17

*United States v. Montes-Pineda*, 445 F.3d 375 (4th Cir. 2006) . . . . . . . . . 8, 9, 11

*United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006) . . . . . . . . . . . . . . 8

*United States v. Olhovksy*, 562 F.3d 530, 551 (3rd Cir. 2009) . . . . . . . . . . . 12, 13

ii

*United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . 6

*United States v. Reigle*, 228 Fed. Appx. 353 (4th Cir. 2007) . . . . . . . . . . . . . 19, 20

*United States v. Rhodes*, 145 F.3d 1375, 1381 (D.C. Cir. 1998) . . . . . . . . . . . . 15

*United States v. Smallwood*, 525 Fed. Appx. 239 (4th Cir. 2013) . . . . . . . . . . . . 18

*United States v. Wilkinson*, 646 F. Supp. 2d 194 (D. Mass. 2009) . . . . . . . . . . . 14

*United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) . . . . . . . . . . . . . . 12

*United States v. Williams*, 456 F.3d 1353, 1369 (11th Cir. 2006) . . . . . . . . . . . . 16

<u>Statutes and Rules</u>

18 U.S.C. § 2251(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 13

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 3553(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 3553(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 3559(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S.S.G § 5K2.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

iii

<u>Miscellaneous</u>

R. Karl Hanson, *Recidivism and Age: Follow-Up Data From 4,673 Sexual Offenders*, 17 J. Interpersonal Violence 1046, 1059 (2002) . . . . . . . . . . . . . . . 14

Valerie Wright, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, THE SENTENCING PROJECT (Nov. 2010) at 6-7 . . . . . 14

No. 14-4522

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

WILLIAM GAZAFI,
*Defendant/Appellant*.

_____

On Appeal from the United States District Court
for the District of Maryland, Southern Division
(The Honorable Roger W. Titus)

_____

BRIEF OF APPELLANT

_____

## **JURISDICTIONAL STATEMENT**

The district court had jurisdiction over this federal criminal case pursuant to

18 U.S.C.§ 3231.  That court sentenced the defendant on June 23, 2014, and entered

the judgment of conviction on July 1, 2014.  (JA 170.) William Gazafi timely filed

a notice of appeal on July 7, 2014.  (JA 176.)  This Court has jurisdiction over the

appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

1

## ISSUES PRESENTED

1.     Did the sentencing court impose a sentence that was procedurally unreasonable when it failed to address Mr. Gazafi's non-frivolous arguments for a sentence of thirty years?

2.     Did the sentencing court impose a sentence that was substantively unreasonable when it improperly balanced the sentencing factors under 18 U.S.C. § 3553(a)?

## STATEMENT OF THE CASE

William Gazafi was charged in a six-count indictment with sexual exploitation of a minor for purposes of producing child pornography, in violation of 18 U.S.C. § 2251(a).  (JA 11-18.)   Each count carried a mandatory minimum term of imprisonment of fifteen years, and a statutory maximum punishment of thirty years. He pled guilty to all charges in the indictment.  (JA 19.)

A probation officer prepared a pre-sentence report that calculated Mr. Gazafi's criminal history category as a category I and the offense level as 47, with an advisory sentencing range of life imprisonment.  (JA 74-75, 190-92.)  The district court noted that, because the statutory maximum sentence for each count is thirty years, the correct guidelines range for each count is 360 months.  (JA 155.)  Because there were six counts, however, the court also decided that "the functional equivalent of a life

2

sentenc es could be fashioned in this case." (*Id.*)

At sentencing, Mr. Gazafi agreed that the pre-sentence report accurately calculated his offense level and criminal history, although the parties disputed whether the offenses should be sentenced concurrently or consecutively. (JA 74.) Nevertheless, he asked the court to impose a sentence of thirty years incarceration. (JA 111.)

In support of his contention that a term of incarceration of thirty years would have been sufficient but not greater than necessary to serve the purposes of sentencing, Mr. Gazafi presented substantial mitigating evidence. First, he argued that he displayed extraordinary acceptance of responsibility that distinguished him from others who committed similar offenses. (JA 113.) Second, he argued that his exceptional and highly decorated service in the United States Air Force bore consideration. (JA 115.) Third, he argued that a psychologist who had evaluated him determined that he was both amendable to and willing to engage in treatment to take proactive steps to minimize future risk of harm to the public. (JA 118-19.)

In addition, relating to sentencing factors under 18 U.S.C. § 3553(a), Mr. Gazafi argued that a sentence higher than his requested sentence would not provide any incremental deterrence to either him as an individual or to the public at large. (JA 112.) Second, he argued that a sentence of 100 years, as the government requested,

3

was disproportionate when compared to other offenders. (JA 113.) He explained that cases that the government used as points of comparison in fact were not comparable, whereas a list of cases from within the District of Maryland that involved similar offense conduct and more similarly situated defendants resulted in sentences ranging from 24 years to 55 years. (JA 113, 203.) Therefore, he argued, a sentence at or near the length that the government sought would create unwarranted sentencing disparities. Moreover, he argued, a sentence of 100 years was not necessary to protect the public, since he was already in his 40s. A sentence as the government requested, he asserted, would cost society a great deal of money without providing incremental benefits. (JA 201.)

The district court made several comments about the sentencing factors under 18 U.S.C. § 3553 before imposing sentence. The court stated that it is a rare case where the offense level exceeds a level 43. "And so that certainly tells me that the sentencing guidelines view this as a very significant offense, worthy of significant punishment." (JA 156.) The court discussed at length the nature and circumstances of the offense (JA 157-60), and mentioned that the nature of the offense had been "graphically described"[1] by the government in its sentencing pleading and argument.

---

[1] The court explained the information that he used to come to its understanding of the nature and circumstances of the offense as well as the nature and circumstances of the defendant: the pre-sentence report, the two sentencing memos submitted by the

(JA 158.)  The court described the offense as "depraved" and "heinous" and "one of the most serious offense of this nature that I've ever seen."  (JA 158-60.)

Ultimately, the court imposed a total term of incarceration of 120 years.  The court sentenced Mr. Gazafi to 360 months on each of the six counts with the sentences on counts one through four running consecutively to each other, and the sentences on counts five and six to run concurrently with the other counts.  (JA 165.)  Without any request by the government, the court ignored the defense request for a recommendation to the Bureau of Prisons that Mr. Gazafi serve his sentence in a facility close to his parents' home, and instead recommended that he serve his sentence at the super max facility  at USP Florence, even though Mr. Gazafi had no criminal history whatsoever and no history of prison management problems.  Mr. Gazafi now appeals his sentence.

## SUMMARY OF ARGUMENT

The sentence here was both procedurally and substantively unreasonable.  The district court committed procedural error in this case by failing to satisfy its statutory obligations under 18 U.S.C. § 3553(c)(1) to provide sufficient explanation for why sentencing Mr. Gazafi to a term of 120 years, as opposed to a shorter term, was incrementally necessary to achieve the goals of sentencing. In addition, the court

---

parties, the defendant's statement, the victim's statements.  (JA 75-76, 135.)

improperly weighed the sentencing factors under 18 U.S.C. § 3553(a). The 120-year sentence was not based on Mr. Gazafi's individual characteristics. The sentencing court failed to provide an individualized sentencing. The sentencing court abused its discretion in concluding that a sentence that severe was sufficient but not greater than necessary to achieve deterrence and protection of the public. In addition, it created unwarranted sentencing disparities.

## STANDARD OF REVIEW

This Court reviews sentences imposed in federal criminal cases for reasonableness. *United States v. Johnson*, 445 F.3d 339, 341 (4th Cir. 2006); *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *see Rita v. United States*, 551 U.S. 338 (2007). The reasonableness inquiry, which seeks to determine whether a district court abused its discretion, is the same regardless of whether the sentence imposed was within or outside the recommended guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007).

To determine whether a sentence is substantively reasonable, courts of appeal must examine the totality of the circumstances and ask whether the sentencing court abused its discretion in applying the factors in 18 U.S.C. § 3553(a). *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). *See also Gall*, 552 U.S. at 51.

6

## **ARGUMENT**

I.    THE DISTRICT COURT COMMITTED PROCEDURAL ERROR
      UNDER 18 U.S.C. § 3553(c)(1) – IN VIOLATION OF *RITA v.
      UNITED STATES* AND *GALL v. UNITED STATES* – BY FAILING TO
      EXPLAIN THE NEED FOR THE 120-YEAR SENTENCE, AS
      OPPOSED TO A SHORTER TERM OF INCARCERATION

This Court's first task in reviewing Mr. Gazafi's sentence is to "ensure that the

district court committed no significant procedural error, such as failing to calculate

(or improperly calculating) the Guidelines range, treating the Guidelines as

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on

clearly erroneous facts, or *failing to adequately explain the chosen sentence* –

including an explanation for any deviation from the Guidelines range." *Gall*, 552

U.S. at 51 (emphasis supplied); 18 U.S.C. § 3553 (c)(1) (requiring a district court to

state the reasons for imposing a particular punishment). In *Rita v. United States*, the

Supreme Court described the importance of this procedural step, explaining that

"[t]he sentencing judge should set forth enough to satisfy the appellate court that he

has considered the parties' arguments and has a reasoned basis for exercising his own

legal decisionmaking authority." *Rita*, 551 U.S. at 356; *Gall*, 552 U.S. at 50 (stating

that district courts "must adequately explain the chosen sentence to allow for

meaningful appellate review and to promote the perception of fair sentencing").

This Court re-emphasized the importance of a district courts' duty to provide

7

an adequate statement of reasons for its sentencing determinations in *United States v. Montes-Pineda*, 445 F.3d 375 (4th Cir. 2006). "District courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines range." *Id.* at 380. While a district court need not "robotically tick through" each of the § 3553(a) factors, the "explanation must be elaborate enough to allow an appellate court to effectively review the reasonableness of the sentence.'" *Id.* In particular, the explanation for the sentence must demonstrate that the court fulfilled two tasks: *first*, that it considered the § 3553(a) factors with respect to the particular defendant; and, *second*, that it considered any potentially meritorious argument raised by the parties at sentencing. *Id.*; *see also United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006) ("A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding.") (citations omitted); *Green*, 436 F.3d at 455 (stating that under § 3553(c), district courts must "in every case give the reasons for the sentence imposed").

In Mr. Gazafi's case, the district court heard comprehensive arguments from defense counsel about why a 30-year term would be sufficient, but not greater than necessary, to satisfy the sentencing goals identified in 18 U.S.C. § 3553. *See* JA 197-204. Acknowledging the seriousness of the offense, counsel also explained that Mr. Gazafi was willing to engage in and amenable to treatment to reduce the future risk

8

of harm to the public. He also explained that, given his current age, even with a term of thirty years, he would be released at an age where he is unlikely to re-offend.

At the conclusion of counsel's arguments, the district court focused on an opinion from this Court where a sentence of 120 years was affirmed. JA 157 (*referring to United States v. Cobler*, 748 F.3d 570 (4th Cir. 2014)). The court's focus was on a different defendant, rather than on Mr. Gazafi himself. The court therefore failed to tailor the sentence to Mr. Gazafi's personal characteristics, instead using an unrelated case as the lodestone of sentencing here. Moreover, the court never explained *why* the additional ninety years reflected in its given sentence were necessary to achieve the purposes of sentencing, while the 30-year sentence that Mr. Gazafi requested was somehow inadequate.

The plain inadequacy of the district court's statement is aptly illustrated by a comparison to three cases – *United States v. Cunningham*, in which the district court's statement was found to be insufficient; and *Rita v. United States* and *United States v. Montes-Pineda*, two cases in which the district courts' statements were deemed barely sufficient under § 3553(c)(1).

In *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), the defendant had argued for a below-guideline sentence based on his diminished mental capacity. The district court dismissed the arguments and imposed a sentence at the low end of

9

the recommended guideline range.  On appeal, the Seventh Circuit vacated and

remanded, holding that the district court's failure to explain the sentence was

insufficient as a matter of law.  The court explained:

> A rote statement that the judge considered all relevant
> factors will not always suffice; the temptation to a busy
> judge to impose the guideline sentence and be done with it,
> without wading into the vague and prolix statutory factors,
> cannot be ignored. . . .
>
> *We cannot have much confidence in the judge's considered
> attention to the factors in this case, when he passed over in
> silence the principal argument made by the defendant* even
> though the argument was not so weak as not to merit
> discussion, as it would have been if anyone acquainted
> with the facts would have known without being told why
> the judge had not accepted the argument.  Diminished
> mental capacity is a ground stated in the sentencing
> guidelines themselves for a lower sentence.  U.S.S.G.
> § 5K2.13.  *A judge who fails to mention a ground of
> recognized legal merit (provided it has a factual basis) is
> likely to have committed an error or oversight*.

429 F.3d at 679 (emphasis supplied).

In *Rita*, by contrast, the district court satisfied its duty under § 3553(c)(1)

where it questioned the defense about his request for a departure versus a variance,

summarized counsel's arguments, inquired about each of the proffered bases for a

lower sentence, and then determined to impose a sentence at the low end of the

guideline range. 551 U.S. at 345.  On appeal, the Supreme Court held that the court's

10

statements were "brief but legally sufficient," adding that "the judge might have said more." *Id*. at 358.

As in *Rita*, the district court in *Montes-Pineda* satisfied its duty under § 3553(c)(1) because it "entertained arguments from both sides on whether to grant [the defendant's] request and engaged counsel in a discussion about the disparities between 'fast-track' and non-'fast track' districts." 445 F.3d at 381. Even though the court ultimately denied the defense's request for a variant sentence in favor of a low-end guideline sentence, this Court found "no basis for doubting that the district court considered [the defendant's] contentions." *Id.* at 377, 381. Comparing that case to *Cunningham*, the Court commented that it "[was] not a case where the district court passively heard the parties' arguments and then seemed to ignore them." *Id.* at 381.

In Mr. Gazafi's case – like *Cunningham*, but unlike either *Rita* or *Montes-Pineda* – there is abundant reason to "doubt[] that the district court considered [Mr. Gazafi's] contentions." *Montes-Pineda*, 445 F.3d at 381. The court may have listened to Mr. Gazafi's arguments as to why, even considering the aggravating factors that the government identified, a lengthy term of thirty years incarceration would be sufficient to protect the public or deter crime, but the court failed to explain the flaws in those arguments.

For these reasons, the district court's sentencing of Mr. Gazafi was

11

procedurally unreasonable, in violation of 18 U.S.C. § 3553(c)(1) as well as *Rita* and

*Gall*. *See United States v. Hughes*, 401 F.3d 540, 556 n.14 (4th Cir. 2005); *United

States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006). This Court should vacate

the sentence and remand Mr. Gazafi's case to the district court for a new sentencing

hearing.

## II.    THE 120-YEAR SENTENCE WAS SUBSTANTIVELY UNREASONABLE

The 120-year sentence was greater than necessary to achieve the purposes of

sentencing. It was therefore substantively unreasonable.

"The hideous nature of an offender's conduct must not drive us to forget that

it is not *severe* punishment that promotes respect for the law, it is *appropriate*

punishment." *United States v. Olhovksy*, 562 F.3d 530, 551 (3rd Cir. 2009) (emphasis

in original). The nature of the offense was clearly the district court's focus in

sentencing Mr. Gazafi in this case, as was apparent from the court's statements at

sentencing. (JA 158-64.) Among other things, the court said that the offense was

"bizarre and hideous" (JA 162), made him "shiver" (JA 163), and was "absolutely

horrific" (JA 161) . This focus, however, led to an improper weighing of § 3553(a)

factors.

The district court's emotional response to Mr. Gazafi's conduct resulted in the

12

district court "sentenc[ing] the offense at the expense of determining an appropriate sentence for the offender." *Olhovksy*, 562 F.3d at 550. A even-handed consideration of key facts about Mr. Gazafi's history and other sentences for similar conduct reveals that a sentence of 120 thirty years is not substantively reasonable, despite the disturbing facts of this offense.

Section 3553 requires a sentence that is "sufficient but not greater than necessary" in every case. A sentence of 120 years for a first offender in his 40s, not convicted of a homicide offense, is greater than necessary. The statute of conviction does not contemplate a life sentence, and the Sentencing Guidelines should not trump the actual statute of conviction.

The district court abused its discretion in concluding that a sentence of 120 years was necessary to protect the public, deter Mr. Gazafi, and deter others from committing similar offenses. But a sentence that long does not in fact serve any incremental deterrent goal. In *United States v. Craig*, 703 F.3d 1001 (7th Cir.2012), Judge Posner in a concurrence expressed concern that sentencing judges consider the wisdom of imposing *de facto* life sentences. *See also*, *United States v. Major*, 676 F.3d 803, 813 (9th Cir. 2012) (dissenting opinion criticizes 750-year sentence as "impossible to execute" and arguing that the courts should not participate in a sentence that is "an empty gesture.").

13

Judge Posner asks district judges to consider "the cost of imprisonment of elderly prisoners, the likelihood of recidivism by them, and the modest incremental deterrent effect of substituting a superlong sentence for a merely very long sentence." *Id.* at 1004. Judge Posner notes that the average expense of maintaining a federal prisoner for a year is between $25,000 and $30,000; an elderly prisoner may cost more than twice this amount to maintain. *Id* at 1003. Judge Posner compares this societal cost with potential benefits of deterrence and incapacitation. He questions the incremental deterrent effect. At least one District Court, in a published opinion, has recognized research supporting the conclusion that the risk of sexual recidivism declines with age. *United States v. Wilkinson*, 646 F. Supp. 2d 194 (D. Mass. 2009) ("even for child molesters released after age sixty, the recidivism rate is very low (3.8%)), *citing* R. Karl Hanson, *Recidivism and Age: Follow-Up Data From 4,673 Sexual Offenders*, 17 J. Interpersonal Violence 1046, 1059 (2002).

The logic of Judge Posner's opinion supports the conclusion that there comes a point, in terms of an individual defendant's age, where the purposes of punishment are no longer served by continued incarceration. There is no benefit, only a cost to society. There is simply no incremental deterrent value or materially greater protection of the public from a sentence of 120 years here. *See* Valerie Wright, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, THE

14

SENTENCING PROJECT (Nov. 2010)[2] at 6-7 (describing numerous studies that conclude that longer sentences do not increase deterrence, either for an individual or for the broader community).

The district court used this Court's decision in *United States v. Cobler,* 748 F.3d 570 (4th Cir. 2014), as an imprimatur for imposing a sentence of 120 years. (JA 157.) The court thus failed to provide Mr. Gazafi with an individualized sentencing.

In *Koon v. United States,* 518 U.S. 81 ( 1991), the Supreme Court emphasized that although Congress created the Sentencing Guidelines to bring uniformity to federal sentencing, Congress had no intention of straying from the long recognized tradition of individualized sentencing.

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue. *Koon*, 518 U.S.81, 113 (1991); *United States v. Rhodes*, 145 F.3d 1375, 1381 (D.C. Cir. 1998)("Congress ... directed the Sentencing Commission to maintain 'sufficient flexibility to permit individualized sentences.") (citing 28 U.S.C. 991(b)(1)(B)).

Although *Koon* was decided before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), *Booker* did not change the requirement of individualized sentencing. In fact, *Booker* places even greater emphasis on

---

[2] http://www.sentencing project.org/doc/Deterrence%20Briefing%20.pdf.

"individualized sentencing" by forcing the sentencing court to look to the specific individual circumstances fo a defendant under §3553(a). *Booker*, 543 U.S. at 224. Indeed, in *United States v. Eura*, 440 F.3d 625, 634 (4th Cir. 2006), a post-*Booker* case, this Circuit emphasized that a "sentencing court must identify the individual aspects of a defendant's case that fit within the factors listed in 18 U.S.C. §3553(a) (overruled on other grounds by *United States v. Kimbrough*, 552 U.S. 85 (2007)). See also *United States v. Williams*, 456 F.3d 1353, 1369 (11th Cir. 2006) (a post-Booker sentence is reasonable "so long as it reflect the individualized case-specific factors of §3553(a)") (overruled on other grounds by *United States v. Kimbrough*, 552 U.S. 85 (2007)).

When the district court tied its sentencing decision here so closely to an unrelated defendant, it failed to appropriately weigh Mr. Gazafi's personal characteristics. Instead, the court sentenced him as if he had repeatedly raped a little boy and knowingly exposed that boy to a serious communicable disease. *See Cobler*, 748 F.3d at 574.

Unlike many offenders in the federal system, Mr. Gazafi enjoys a strong support system from within his family. *See* JA 207-11. His extended family has continued to support him in the face of the circumstances of this offense. *See* id. Considering his current age, his family support, the conditions or supervised release,

16

and the length of any term of incarceration in this case, Mr. Gazafi is unlikely to be a danger to society when released. Moreover, Mr. Gazafi demonstrated that he is willing to engage in the treatment programs designed to minimize future danger. (JA 252.) More important, a psychologist who is an expert in sex offender treatment concluded that Mr. Gazafi is amendable to treatment. (*Id.*) Thus, considering the totality of the circumstances, the sentencing court abused its discretion when finding that the 120-year sentence was not longer than necessary under Section 3553(a). *See Mendoza-Mendoza*, 597 F.3d at 216.

The district court's emotional response, while understandable, does not lead to a substantively reasonable sentence. Instead, it produced a severe, yet still inappropriate sentence. And pure severity does not advance the goals of deterrence and protection of the public.

Finally, the district court abused its discretion by imposing a sentence that created an unwarranted sentencing disparity. The court incorrectly weighed Mr. Gazafi's conduct as compared to other cases involving the production of child pornography. To the best of counsel's knowledge, this case represents the longest sentence imposed in the District of Maryland after a guilty plea to charges of the production of child pornography. And while the court's comment that this case was "the worst," that does not automatically justify a sentence so disparately longer than

17

sentences impose in other – also egregious – cases.  Not only is it the longest, but it is 65 years longer than and more than double the next longest sentence imposed in the district.  It is about four times longer than the typical sentence imposed after a guilty plea to producing child pornography for first offenders.  The following cases present the most recent points of comparison.

- In *United States v. Smallwood*, 525 Fed. Appx. 239 (4th Cir. 2013), the court imposed a sentence of 55 years.  That case involved a school bus driver who molested at least four victims and produced multiple videos.  The defendant was 30 years old at the time of sentencing, and the sentencing court stated that the sentence did leave open the possibility of the defendant being released.

- In *United States v. Leo Evans*, Case No.1:11-cr-577-ELH, the court imposed a sentence of 292 months, or slightly more than 24 years.  The defendant was charged with three counts of producing child pornography involving four victims.  The statement of facts in the plea agreement refers to three prior investigations regarding the sexual abuse of three other children.

- In *United States v. Larry Kerfoot*, Case No. 1:12-cr-571-ELH, the court imposed a sentence of 28 years, after the defendant had entered a plea

pursuant to Fed. R. Crim. P. 11(c)(1)(C) to production of child pornography that included an agreed-upon sentencing range of 25 to thirty years. The plea agreement indicates that the defendant repeatedly engaged in multiple different types of sex acts with a pre-pubescent girl over the course of several years.

• In *United States v. Robert Mazola*, Case No. 1:12-cr-607-ELH, the defendant pleaded guilty to production of child pornography and was sentenced to 29 years' imprisonment. The statement of facts details repeated sexual abuse of a minor that continued over the course of a year.

The only other comparable sentence from the District of Maryland came from a materially different case. The court imposed a life sentence for production of child pornography in *United States v. Reigle*, 228 Fed. Appx. 353 (4th Cir. 2007). Most importantly, however, the defendant in that case was subject to a mandatory life sentence under 18 U.S.C. § 3559(e) because he was a repeat sex offender against children. *See United States v. Reigle*, Docket Entry 19, Information Pursuant to 18 U.S.C. § 3559(e), Case No. 1:05-cr-262-MJG (D. Md.). In contrast, of course, Mr. Gazafi had no prior conviction to trigger a life sentence, had a criminal history category of I, and faced a statutory maximum on each count of thirty years rather than

19

life imprisonment, let alone mandatory life imprisonment.

*Reigle* also differs from this case because the life sentence was imposed after a jury trial, rather than a guilty plea. Here, Mr. Gazafi admitted the conduct, accepted responsibility, and prevented further agony for the children from the need at a trial to publicly detail what had happened to them, let alone the agony of having the images viewed by the jurors, court personnel, and anyone else in a public court room.

Finally, the conduct in *Reigle* was also dramatically different. The conduct appeared to involve the anal rape of a little boy and the molestation of multiple other victims. *Reigle*, 228 Fed. Appx. at 356. In addition, it involved a conspiracy with another adult male, and some of the acts in furtherance of the conspiracy occurred at the defendant's direction while he was incarcerated in a federal prison for a different child pornography conviction. *Id.* In contrast, the facts in Mr. Gazafi's, which undeniably call for a significant sentence, do not involve allegations of rape and certainly do not include conspiracies with other adults orchestrated from inside prison walls.

The district court failed to adequately weigh the sentencing disparity that the 120 sentence here caused. Equating this case to *Reigle* is an abuse of discretion. And no apparent explanation exists as to why the sentence here needed to more than double the next highest sentence resulting from a plea to production of child

20

pornography that also involved multiple victims.  Even if this case is worse than the other District of Maryland cases that resulted substantial sentences for production of child pornography after a guilty plea, is it *four times* worse?  The ninety additional years imposed in this case as compared to the other cases discussed above resulted from an incorrect weighing of the sentencing factors identified in 18 U.S.C. § 3553(a).

## <u>CONCLUSION</u>

For the foregoing reasons, William Gazafi respectfully requests that this Court vacate his sentence and remand his case for further proceedings.

Respectfully submitted this 9th day of October, 2014.

JAMES WYDA
Federal Public Defender
District of Maryland

_____/s/_____
MEGHAN SKELTON
Appellate Attorney
6411 Ivy Lane, Suite 710
Greenbelt, MD  20770
(301) 344-0600
*Counsel for Appellant*

21

## **REQUEST FOR ORAL ARGUMENT**

Counsel for Appellant respectfully requests oral argument in this case so that the issues presented herein may be more fully developed.

## **CERTIFICATE OF COMPLIANCE**

1.    This Brief of Appellant has been prepared using WordPerfect X4 software, Times New Roman font, 14 point proportional type size.

2.    Exclusive of the table of contents, table of authorities, statement with respect to oral argument, and certificate of service, this brief contains 4,563 words.


I understand that a material misrepresentation can result in this Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide a copy of the word or line print-out.


    _____10/9/14_____            _____/s/_____
    Date                         Meghan Skelton
                                 Appellate Attorney

23

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing Brief of Appellant was filed electronically via CM/ECF, and a hard copy of the Brief of Appellant and Joint Appendix were sent via inter-office mail to:

> Thomas Sullivan
> Assistant U.S. Attorney
> Office of the U.S. Attorney
> 6500 Cherrywood Lane, Suite 200
> Greenbelt, MD  20770

on this 9th day of October, 2014.

_____/s/_____
Meghan Skelton
Appellate Attorney